[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Robert C. and Adele J. Troup, have moved to vacate an arbitration award rendered pursuant to our so-called "lemon law" pertaining to automobiles, General Statutes 42-179.
The record indicated that the plaintiffs in January 1987 purchased a 1986 Jaguar with approximately 2900 miles on it. They brought the car in to the defendant repairer, Jaguar Cars, Inc., but, being dissatisfied with the attempted repairs, the plaintiffs sought and received a hearing before three arbitrators pursuant to General Statutes 42-181. This panel rendered a report on June 11, 1990 which concluded that any defects in the vehicle did not substantially affect its value or use, and that CT Page 4652 it was operating in a proper fashion, and thus declined to afford any remedies to the plaintiffs as permitted by General Statutes 42-179 (d).
The plaintiff's thereafter applied to this court pursuant to General Statutes 52-418 (a) to have the arbitrators' decision vacated, which necessarily involves the standard of review set out in General Statutes 42-181(c), as amended by Public Act 90-8, effective April 16, 1990. Although there can be a "de novo" review of questions of law, and there are none in this proceeding, the statute provides that with respect to factual questions, ". . . the court shall uphold the award unless it determines that the factual findings of the arbitrators are not supported by substantial evidence in the record . . ."
A review of the record indicates that the findings of the panel are supported by substantial evidence, and therefore that plaintiffs' motion to vacate the award is denied.
First the panel found that the car had not been out of service for repairs for thirty or more days, and second, that no defects continued to exist after four or more repair attempts which substantially impaired the "use, safety or value" of the vehicle in question. General Statutes 42-179 (d).
The statute in subsection (v) refers to the first two years following the date of the original delivery or during the first 18,000 miles, whichever occurs first, and in this case the 18,000 miles occurred first. With respect to the car being out of service for more than thirty days, subsection (e), although the record before the panel indicated that during this 18,000 mile period the car had been in the defendant's shop for more than 33 days, it had been left there five days for the plaintiff's convenience after repairs had been completed, and thus the plaintiffs failed to show to the arbitrators that the vehicle had been out of service for repair for a cumulative total of at least thirty days.
In addition, an expert, one Michael Green, drove the car for some five miles and reported to the panel that the heating and air conditioning system was "normal and the system is operating properly." The plaintiffs had complained of electrical problems, but the expert indicated that "both front power windows, power sun roof and radio were working normally. No other electrical CT Page 4653 problems were observed."
Although the plaintiffs testified that they had problems with this particular vehicle entitling them to the remedies authorized by General Statutes 42-179(d), the arbitrators are entitled to rely on the defendant's witnesses and the expert's testimony that neither the use nor safety nor value of this particular vehicle has been substantially impaired Accordingly, I find no reason to vacate the decision of the panel of arbitrators and plaintiffs' motion is therefore denied, and the panel's decision is confirmed.
WILLIAM B. LEWIS, JUDGE